### HOLLAND v. McGLINN.

(Circuit Court, N. D. California. January 10, 1898.)

LIMITATION OF ACTIONS—LACHES.
  An action to recover money intrusted to another as attorney in fact cannot be maintained 12 years after the cause of action accrued, on a complaint which does not show a cause of action based on an express continuing trust, not subject to the statute of limitations.

Fox, Kellogg & Gray, for plaintiff.
Timothy J. Lyons, for defendant.

MORROW, Circuit Judge. This is an action brought by the plaintiff, as the assignee of Susan McMonagle, upon a rejected claim presented by her against the estate of Patrick McGlinn, the defendant's intestate. The claim was for the sum of $12,575.12, and it recited that said sum was "intrusted by the said creditor [Susan McMonagle] to the said Patrick McGlinn, as attorney in fact for said creditor, together with all proceeds from such portion thereof as may have produced anything by proper investment and interest at the rate of seven per cent. per annum on the balance from August 21, 1882." This is the same money for the recovery of which Susan McMonagle, plaintiff's assignor in this action, has brought a bill in equity in this court against the same defendant, praying that said sum be declared trust funds in the hands of the defendant, and that certain real estate owned by the defendant be charged with the trust. A demurrer to the bill as amended was interposed, and has just been considered, the demurrer being sustained and the bill dismissed. See opinion of this court in McMonagle v. McGlinn, reported in 85 Fed. 88. A demurrer is also interposed to the complaint in this case upon several grounds, the principal ones being the bar of the statutes of limitations of this state and laches. In my opinion, the demurrer is well taken. The claim purports to date from August 21,

1882. When presented as a claim against the estate of Patrick Mc-Glinn, deceased, some 12 or 13 years had elapsed. Whatever view be taken of the nature of the claim,—that is, whether it be considered as a deposit, or money due on contract, or balance on account, etc.,—it is barred by the various periods of limitation prescribed by sections 337, 338, 339, 343, and 344 of the Code of Civil Procedure of this state. The action was not commenced until April 9, 1896, a period of nearly 14 years. The contention, by counsel for plaintiff, that the claim presented against the estate and the averments of the complaint show an express, continuing trust in favor of plaintiff with reference to the money in question, is not supported by the most favorable view that can be taken of the language used in the claim, and of the allegations in the complaint. The complaint will therefore be dismissed.